IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Harvie Payne, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Charleston County, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 6:12-276-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss (doc. 15) and the plaintiff's motion to dismiss (doc. 22). In his complaint, the plaintiff, a pretrial detainee proceeding *pro se*, alleges that the defendants violated his constitutional rights against cruel and unusual punishment and "denial of equal 'hearing' protection." He claims he was placed in the disciplinary housing unit in the Charleston County Detention Center where the excessive noise levels have damaged his hearing.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The defendants filed a motion to dismiss on February 29, 2012, arguing that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On March 1, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff did not timely respond. Accordingly, this court again notified the plaintiff that if he failed to respond, the case would be subject to summary dismissal for failure to prosecute. This court gave the plaintiff through April 30, 2012, to file any response.

On April 19, 2012, the plaintiff filed his own motion to dismiss stating, "Plaintiff moves this court to dismiss, without prejudice, his complaint in the interest of judicial economy." The defendants filed a response in opposition to the plaintiff's motion to dismiss on May 1, 2012, arguing the case should be dismissed with prejudice and considered a strike pursuant to the Prison Litigation Reform Act.

This court recommends that the plaintiff's motion to dismiss without prejudice (doc. 22) be granted pursuant to Federal Rule of Civil Procedure 41(a)(2). Should the district court adopt this court's recommendation, the defendants' motion to dismiss (doc. 15) will be rendered moot.

IT IS SO RECOMMENDED

s/ Kevin F. McDonald
United States Magistrate Judge

May 22, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.